IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01277-REB-BNB

WILLIAM MOSSI,
LOIS MOSSI, and
LINDA L. WILLIAMS,

Plaintiffs,

v.

UNITED STATES FOREST SERVICE, and
THE EMPLOYEES OF THE U.S. FOREST SERVICE, MONTROSE, CO. 81401

Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiffs commenced this action on July 11, 2005, by filing a paper entitled "Motion, for Permanent Injunction Against the U.S.F.S. and the Employees of the U.S.F.S. for their Illegal Actions Against Linda L. Williams, Bill Mossi and Other Party's [sic] to the Williams Gold Mining Claims in Ouray Co. 81427. Patents Filed and Paid Jan. 1. [sic] 1999. Also Paid Fees to Sept. 1, 2006 Valid by B.L.M. Lakewood, Co. St. Office" (the "Complaint"). On July 19, 2005, pursuant to Rule 4, Fed. R. Civ. P., I ordered the plaintiffs to effect service of the Summons and Complaint on the defendants by November 8, 2005. I further ordered the plaintiffs to file proof of service with the Court on or before November 14, 2005.

A plaintiff must comply with the following requirements in order to effect service on the United States, its agencies, corporations, officers, or employees:

> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.
>
> (2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.
>
> (B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i).

On July 29, 2005, a return receipt was filed which indicates that an agent of the U.S. Forest Service accepted delivery of an unidentified piece of mail on July 20, 2005. On October 21, 2005, plaintiff Linda Williams filed a document (the "proof of service") entitled

"Proff [sic] of Service Rule 4, Fed.Civ.P." Attached to the proof of service is a copy of the above-described return receipt.

It appeared from the record that the plaintiffs attempted to serve only the United States Forest Service and, therefore, failed to comply with the requisites of Rule 4(i). It also appeared that the plaintiffs failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on November 8, 2005.

On November 18, 2005, I ordered the plaintiffs to show cause in writing on or before December 5, 2005, why this case should not be dismissed for failure to prosecute, insufficiency of service of process, and failure to timely effect service of process as required by the Federal Rules of Civil Procedure. D.C.COLO.LCivR 41.1. I warned the plaintiffs that failure to show cause on or before December 5, 2005, would result in my recommendation that this case be dismissed.

Plaintiffs William Mossi and Lois Mossi did not respond to the Order to Show Cause. On December 2, 2005, plaintiff Linda Williams filed a response to the Order to Show Cause. Williams stated that the plaintiffs are proceeding *pro se* and did not understand that they needed to serve more than one Summons. Williams seeks an additional thirty to ninety days to effect proper service.

Also, and without any supporting argument, Williams requests an intra-district transfer of

this case from the federal courthouse in Denver, Colorado, to Grand Junction, Colorado. See Bitler v. A.O. Smith Corp., 2001 WL 1579378 (D. Colo. December 10, 2001). Such a transfer is appropriate only after weighing the following factors: (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious, and economical. Id. at *1. None of these factors is addressed in Williams' request for transfer.

I respectfully RECOMMEND that, pursuant to D.C.COLO.LCivR 41.1, this case be dismissed without prejudice as to plaintiffs William Mossi and Lois Mossi for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with my Order to Show Cause.

FURTHER, IT IS ORDERED that plaintiff Williams is granted an extension of time to and including **March 2, 2006**, within which to effect proper service of the Summons and Complaint on the defendants.

IT IS FURTHER ORDERED that the request for intra-district transfer is DENIED.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections

to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 4, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge