**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cv-01277-REB-BNB

LINDA L. WILLIAMS,

    Plaintiff,

v.

UNITED STATES FOREST SERVICE and
THE EMPLOYEES OF THE U.S. FOREST SERVICE, MONTROSE, CO, 81401

    Defendants.

## ORDER DENYING MOTION TO REMOVE AND FOR RECONSIDERATION

**Blackburn, J.**

The matter before me plaintiff's **Motion to Remove Judge Robert E. Blackburn and Motion for Reconsideration** [#16], filed February 27, 2006.  By this motion, plaintiff seeks reconsideration of my order adopting the magistrate judge's recommendation that the claims of William and Lois Mossi be dismissed.  She also seeks my recusal.  I deny the motion.

Pursuant to 28 U.S.C. § 455, a judge must recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).  Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias.  ***Id***.; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005).  Nevertheless, "section 455(a) must not be so broadly construed that it becomes, in

effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." **United States v. Hines**, 696 F.2d 722, 729 (10th Cir. 1982); **see also Bryce**, 289 F.3d at 659. Thus, "'[d]isqualification for lack of impartiality must have a *reasonable* basis.'" **See Jackson v. Fort Stanton Hospital and Training School**, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).

Plaintiff here has shown no basis, much less a reasonable basis, for questioning my impartiality in this matter. The entire extent of her argument in support of recusal is the bald assertion that "I believe Judge Blackburn may be good friends with the Forest Service." (Plf. Motion at 1.) She offers not a single fact, direct or circumstantial, to substantiate this conclusion. **See Hines**, 696 F.2d at 729. The fact that plaintiff is prosecuting this matter *pro se* does not absolve her of responsibility for alleging adequate factual detail to support her claims for relief. **See Whitney v. State of New Mexico**, 113 F.3d 1170, 1173-74 (10th Cir. 1997); **Hall v. Bellmon**, 935 F.2d 1106, 1110, (10th Cir. 1991). At most, it appears that plaintiff is unhappy with my ruling dismissing the Mossis claims in this action. Dissatisfaction with a court's legal rulings, however, provides no basis supporting recusal of the presiding judge. **See Liteky v. United States**, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

Plaintiff also seeks reconsideration of my order adopting the magistrate judge's recommendation that the Mossis be dismissed from this lawsuit for failure to prosecute, failure to effectuate timely and proper service of process, and failure to comply with the magistrate's judge's duly issued show cause order. (**See** Order Adopting

Recommendation of the United States Magistrate Judge [#15], filed January 23, 2006.)[1] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000).  None of these bases pertains here.  Aside from the telling fact that the Mossis themselves have not protested their dismissal from this lawsuit, nothing in the motion demonstrates that the Mossis have diligently prosecuted this lawsuit, have attempted to effectuate timely and proper service of process, or have any excuse for failing to respond to the magistrate judge's show cause order.  In short, the motion fails to demonstrate any basis warranting reconsideration.

**THEREFORE, IT IS ORDERED** that **Motion to Remove Judge Robert E. Blackburn and Motion for Reconsideration** [#16], filed February 27, 2006, is **DENIED**.

Dated March 1, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[1] Thus, the fact that the Mossis "have never ask[ed] to be removed from this case" is irrelevant. (***See*** Plf. Motion at 1.)  The Mossis' claims were dismissed because of the above-cited deficiencies in prosecuting this case, and plaintiff, as a lay person, cannot represent their interests before this court. ***See Meeker v. Kercher***, 782 F.2d 153, 154 (10th Cir.1986); ***United States v. Cram***, 1998 WL 919871 at *5 (D. Utah Dec. 3, 1998).