IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01277-REB-BNB

LINDA L. WILLIAMS,

Plaintiff,

v.

UNITED STATES FOREST SERVICE, and
THE EMPLOYEES OF THE U.S. FOREST SERVICE, MONTROSE, CO. 81401

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

The plaintiffs commenced this action on July 11, 2005, by filing a paper entitled "Motion,
for Permanent Injunction Against the U.S.F.S. and the Employees of the U.S.F.S. for their Illegal
Actions Against Linda L. Williams, Bill Mossi and Other Party's [sic] to the Williams Gold
Mining Claims in Ouray Co. 81427.  Patents Filed and Paid Jan. 1. [sic] 1999.  Also Paid Fees to
Sept. 1, 2006 Valid by B.L.M. Lakewood, Co. St. Office" (the "Complaint").  On July 19, 2005,
pursuant to Rule 4, Fed. R. Civ. P., I ordered the plaintiffs to effect service of the Summons and
Complaint on the defendants by November 8, 2005.  I further ordered the plaintiffs to file proof of
service with the Court on or before November 14, 2005.

A plaintiff must comply with the following requirements in order to effect service on the
United States, its agencies, corporations, officers, or employees:

(1) Service upon the United States shall be effected

    (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

    (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

    (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(2)    (A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

    (B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i).

On July 29, 2005, a return receipt was filed which indicated that an agent of the U.S. Forest Service accepted delivery of an unidentified piece of mail on July 20, 2005.  On October 21, 2005, plaintiff Linda Williams filed a document (the "proof of service") entitled "Proff [sic] of Service Rule 4, Fed.Civ.P."  Attached to the proof of service is a copy of the above-described return receipt.

It appeared from the record that the plaintiffs attempted to serve only the United States Forest Service and, therefore, failed to comply with the requirements of Rule 4(i).  It also appeared that the plaintiffs failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on November 8, 2005.

On November 18, 2005, I ordered the plaintiffs to show cause in writing on or before December 5, 2005, why this case should not be dismissed for failure to prosecute, insufficiency of service of process, and failure to timely effect service of process as required by the Federal Rules of Civil Procedure.  D.C.COLO.LCivR 41.1.  I warned the plaintiffs that failure to show cause on or before December 5, 2005, would result in my recommendation that this case be dismissed.

Plaintiffs William Mossi and Lois Mossi did not respond to the Order to Show Cause. Consequently, the claims of William Mossi and Lois Mossi were dismissed without prejudice for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with my Order to Show Cause.  *Order Adopting Recommendation of the United States Magistrate Judge* dated January 23, 2006.

On December 2, 2005, plaintiff Linda Williams filed a response to the Order to Show

3

Cause. Williams stated that the plaintiffs are proceeding *pro se* and did not understand that they needed to serve more than one Summons. Williams sought an additional thirty to ninety days to effect proper service. On January 4, 2006, Williams was granted an extension of time to and including March 2, 2006, within which to effect proper service of the Summons and Complaint on the defendants. *Order and Recommendation of United States Magistrate Judge*, issued January 4, 2006.

As of March 7, 2006, the plaintiff had not filed any proof that she effected proper service on the defendants. Consequently, I directed Ms. Williams to show cause on or before March 17, 2006, why the Complaint should not be dismissed for failure to effect proper service of the Summons and Complaint on the defendants. I warned the plaintiff that failure to show cause on or before March 17, 2006, would result in my recommendation that the Complaint be dismissed pursuant to Local Rule 41.1, for failure to prosecute, failure to comply with an order of the Court, and failure to comply with the Federal Rules of Civil Procedure.

The plaintiff did not show cause on or before March 17, 2006. On March 20, 2006, she filed a letter, addressed to me, seeking an additional thirty days to serve the defendants.

The Tenth Circuit's decision in <u>Espinoza v. United States</u>, 52 F.3d 838 (10th Cir. 1995), establishes the procedure to be applied in determining whether to dismiss a case for failure to complete service of process:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still

4

> consider whether a permissive extension of time may be warranted.
> At that point the district court may in its discretion either dismiss
> the case without prejudice or extend the time for service.

Id. at 841.

There is no definitive statement of what constitutes "good cause" within the meaning of

Fed.R.Civ.P. 4(m).  One court in this circuit has noted:

> Although Rule 4(m) does not define good cause, the Tenth Circuit
> "has interpreted the phrase narrowly, rejecting inadvertence or
> neglect as 'good cause' for untimely service."  Similarly, "[m]istake
> of counsel or ignorance of the rules also usually do not suffice."

Hunsinger v. Gateway Management Associates, 169 F.R.D. 152, 155 (D. Kan. 1996) (internal

citations omitted).

I find that the plaintiff has not shown good cause for her failure to complete service of

process.  She did not file a timely response to the show cause order.  Her tardy response does not

explain why she has failed to effect service of process on the defendants.  Indeed, the only

statement she offers that could be construed as an attempt to explain her failure to effect service is

the following:

> At this time March 14, 2006 I have to meet with another Attorney
> and Investigator from Denver, Co. to take care of another case 05-
> 22m.

This statement utterly fails to establish good cause for the plaintiff's failure to effect

proper service on the defendants from the January 4, 2006, (the date I granted her an extension of

time) until March 2, 2006, (the date she was supposed to have effected proper service of

process).  Moreover, I find that the plaintiff is not entitled to a permissive extension of time to

affect proper service of process.  She has already been granted an extension of time; she does not

make any argument, nor does she provide any evidence to establish, that she attempted service of process during that time; and she offers no explanation for her failure to accomplish service of process.  Accordingly,

I respectfully RECOMMEND that the Complaint be DISMISSED pursuant to Local Rule 41.1, for failure to prosecute, failure to comply with an order of the Court, and failure to comply with the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 23, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge