**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01277-REB-BNB

LINDA L. WILLIAMS,

    Plaintiff,

v.

UNITED STATES FOREST SERVICE and
THE EMPLOYEES OF THE U.S. FOREST SERVICE, MONTROSE, CO, 81401

    Defendants.

**ORDER DENYING MOTION TO REOPEN**

**Blackburn, J.**

The matter before me is plaintiff's **Amendment: Motion to Reopen** [#23], filed June 13, 2006. I deny the motion.

I construe plaintiff's motion to reopen as a motion for reconsideration under Fed.R.Civ.P. 60(b). **See Brown v. Professional Transportation**, 1989 WL 85056 at *1 (D. Kan. July 20,1989). Rule 60(b)relief requires a showing of exceptional circumstances warranting relief from judgment. **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). **Id**. at 1243-44. However, plaintiff's motion fails to allege any facts at all, much less facts warranting the extraordinary relief afforded by Rule 60(b). Although *pro se* litigants are to be given adequate leeway and their filings liberally construed, **see Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); **Gagan v. Norton**, 35 F.3d

1473, 1474 n.1 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1175 (1995), they still bear responsibility to develop the factual bases of their requests for relief, *see Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *Hall v. Bellmon*, 935 F.2d 1106, 1110, (10th Cir. 1991).  Plaintiff's failure to do so here requires that her motion be denied.

**THEREFORE, IT IS ORDERED** that plaintiff's **Amendment: Motion to Reopen** [#23], filed June 13, 2006, is **DENIED**.

Dated June 27, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**